FILED
2002 NOV 18 PM 2:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **Darlene Connor,** | ] | |
| Plaintiff(s), | ] ] ] | |
| vs. | ] | CV 02-N-2069-S |
| **United Parcel Service, Connecticut General Life Insurance Company d/b/a/ CIGNA Group Insurance and Intracorp,** | ] ] ] ] ] | |
| Defendant(s). | ] | |

ENTERED
NOV 18 2002

## Memorandum of Opinion

**I.   Introduction**

The court has for consideration the motion of defendants Connecticut General Life Insurance Company ("Connecticut General") and International Rehabilitation Associates ("Intracorp") to strike plaintiff Darlene Connor's state law claims and claims for extracontractual damages under Rules 12(f) and 39(a)(2) of the Federal Rules of Civil Procedure, filed September 19, 2002. (Doc. #9). Following the submission of the motion to strike, the court issued an order explaining that the motion to strike the plaintiff's state law claims would be treated as a motion to dismiss and asking plaintiff to show cause why the motion should not be granted. (Doc. # 10). The plaintiff's response was due by October 11, 2002; the deadline has now passed and the court has not received a response. The court has reviewed the submission from the defendants and finds that their motion is due to be granted in all respects.



## II. Standard for Decision

A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a complaint under that rule only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of ruling on a 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations of the complaint. Moreover, it views them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc).

## III. Allegations of the Complaint

The plaintiff was an eligible participant in a Group Flexible Benefits Plan ("the Plan") provided by her former employer, UPS, through which long-term disability benefits are provided to eligible employees. The plan is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. She seeks damages allegedly incurred due to Defendants' refusal to pay long-term disability benefits. In addition to an ERISA violation, the complaint also contains state law claims for breach of contract and bad faith.

### IV. Discussion

#### A. Preemption of State Law Claims

Plaintiff's state law claims are due to be denied because they are preempted by ERISA. Plaintiff's breach of contract is "superpreempted" by ERISA § 502(a) (29 U.S.C. § 1132(a)), and her bad faith claim is due to be preempted because it "relates to" an ERISA plan under ERISA § 514(a) (29 U.S.C. § 1144(a)).

##### 1. Breach of Contract

In its decision in *Butero v. Royal Maccabees Life Insurance Company,* 174 F.3d 1207 (11th Cir. 1999), the Eleventh Circuit outlined the four factors for establishing complete preemption or "superpreemption" or (sic) for state law claims by ERISA: (1) there must be a relevant ERISA plan; (2) the plaintiff must have standing to sue under the plan; (3) the defendant must be an ERISA entity; (4) the complaint must seek compensatory relief. *Id.* at 1212 (internal citations omitted). Plaintiff's breach of contract claim meets each of the four factors. As previously established, the UPS plan is governed by ERISA, plaintiff has standing to bring her claims under § 502(a) (29 U.S.C. § 1132 (a)); UPS is an ERISA entity as the plaintiff's employer and Connecticut General and Intracorp are ERISA entities in that they had authority to determine eligibility and benefits under the Plan; and the Complaint specifically seeks benefits based upon Defendants' refusal to pay those benefits. *Complaint,* ¶ 3; *Butero,* 174 F.3d at 1212-13. Since plaintiff's claim meets each of the four factors listed in *Butero* the court finds it to be "superpreempted" by ERISA and the type of claim which should be adjudicated under "Congress's creation of a comprehensive remedial scheme." *Butero,* 174 F.3d at 1211.

In conclusion, the court finds that the defendants' motion to dismiss should be granted because the plaintiff's breach of contract claim is "superpreempted" by ERISA.

### 2. Bad Faith Claims

ERISA § 502(a) is not the only means for preemption, ERISA § 514(a) also preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a) (29 U.S.C. § 1144(a)); *Butero*, 174 F.3d at 1212 and 1215. This is also commonly referred to as "defensive preemption." *Id.* at 1215. Claims "relate to" an ERISA plan if they have "a connection with or reference to" an employee benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47; 97 S. Ct. 1549, 1553, 97 L. Ed. 2d 39 (1987); *see also Howard v. Parisian*, 807 F.2d 1560, 1563-64 (11th Cir. 1987) ("ERISA preempts all state laws insofar as they apply to employee benefit plans"). The Supreme Court and the Eleventh Circuit have consistently recognized the expansive sweep of the preemption clause. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. at 46; *Swerhun v. Guardian Life Ins. Co.*, 979 F.2d 195, 197 (11th Cir. 1992) ("ERISA is a comprehensive statute that subjects employee benefit plans to federal regulation ... The Supreme Court has noted that the preemption clause is 'conspicuous for its breadth' ... and has instructed that the clause should be 'expansively applied;'" (citations omitted); *First Nat. Life Ins. Co. v. Sunshine-Junior Foods Stores, Inc.*, 960 F.2d 1546, 1550 (11th Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993) ("Congress used the words 'relates to' in their broad sense and did not mean to preempt only state laws specifically designed to affect employee benefit plans ... A state law relates to an employee benefit plan if it has a connection with or reference to such a plan'" (citations omitted). More recently in *Gilbert v. Alta Health & Life Ins. Co.*, 276 F.3d 1292, 1299 (11th Cir. 2000)

4

the court held that "Alabama's tort [of] bad faith refusal to pay is not saved from preemption by ERISA's saving clause; *see also Walker v. Southern Co. Services, Inc.*, 279 F.3d 1289 (11th Cir. 2002) (same).

In conclusion, the court finds that the plaintiff's bad-faith claim is preempted pursuant to ERISA § 514(a). Accordingly, the defendants' motion to dismiss is due to be granted.

### B. Motion to Strike Punitive and Extra Contractual Damages

Defendant contends that the plaintiff's claims for extracontractual and punitive damages should be stricken because the damages are not allowed under ERISA. The United States Supreme Court has recognized that the only remedies available for claims falling under the purview of § 502(a) are those expressly enumerated by Congress. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).[1] *Id.* Because claims for extracontractual and punitive damages conflict with § 502's enforcement and remedy provisions, they are preempted under ERISA. 29 U.S.C. §§ 1001(b) and 1132(a) (1998); *see also Godfrey v. BellSouth Telecommunications, Inc.*, 89 F.3d 755, 761 (11th Cir. 1996) (District Court did not err in holding that extra contractual damages are not available in this case; a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages.) *Ingersoll Rand Co. v. McClendon*, 111 S. Ct. 478 )(1990); *McRae v. Seafarers' Welfare Plan*, 920 F.2d 819, 822-23 (11th Cir.

---

[1] Specifically the court held that:
> [t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if the ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. Therefore § 502(a)'s civil enforcement mechanisms are exclusive and have "preemptive force."

*Pilot Life Ins.*, 481 U.S. at 54.

1991), *reh'g denied*, 931 F.2d 901 (11th Cir. 1991) ("[e]xtra-contractual damages are not available under ... 29 U.S.C. § 1132(a)(3)"); *Amos v. Blue Cross-Blue Shield*, 868 F.2d 430 (11th Cir.), *cert. denied*, 493 U.S. 855, 110 S. Ct. 158, 107 L. Ed. 116 (1989); *Bishop v. Osborn Transportation, Inc.* 838 F.2d 1173, 1174 (11th Cir.), *cert denied*, 488 U.S. 832, 109 S. Ct. 90, 102 L. Ed. 2d 66 (1988). In conclusion, the remedies sought by the plaintiff based upon her bad faith claim are preempted because they conflict with ERISA's civil enforcement scheme.

## V. Conclusion

The joint motion to dismiss plaintiff's state law claims and to strike claims for extracontractual and punitive damages will be granted by an appropriate order in conformity with this memorandum of opinion. Plaintiff's case may proceed only under the ERISA claims alleged in her complaint.

Done, this _18th_ of November, 2002.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE